1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

DANIEL SANDOVAL-GONZALES,          )
                                   )
                 Petitioner,       )        3:09-cv-20-HDM-RAM
                                   )
vs.                                )        **ORDER**
                                   )
BRIAN E. WILLIAMS, *et al.*,       )
                                   )
                 Respondents.      )
_____/

      This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C.
§ 2254, by a Nevada state prisoner.  Before the Court is respondents' motion to dismiss the petition.
(Docket #8).

**I.      Procedural History**

      On September 28, 2006, petitioner entered guilty pleas to one count of battery with intent to
commit sexual assault on a child under fourteen and one count of willfully endangering a child, as a
result of child abuse.  (Exhibit 46).[1]  On December 13, 2006, the state district court sentenced
petitioner to life with the possibility of parole and a consecutive term of 28 to 72 months in prison
for the second count.  (Exhibits 57 and 58).  On January 11, 2007, petitioner filed a direct appeal.
(Exhibits 59 and 60).  On March 6, 2008, the Nevada Supreme Court affirmed petitioner's

_____

[1] The exhibits referenced in this order are found in the Court's record at Docket #9, 10, and 11.

1 conviction.  (Exhibit 90).  On February 24, 2009, petitioner filed a post-conviction habeas petition in

2 the state district court.  (Exhibit 94).  To date, this Court is not aware of any decision reached on the

3 state habeas petition.  On January 15, 2009, petitioner submitted a federal habeas petition in this

4 Court.  (Docket #1).  Upon petitioner's payment of the filing fee, the federal petition was filed in this

5 Court on March 30, 2009.  (Docket #6).  The instant motion to dismiss followed.  (Docket #8).  On

6 July 15, 2009, petitioner filed a response in opposition to the motion to dismiss.  (Docket #15).

7 **II.**  **Discussion**

8    Respondents move to dismiss the petition, arguing that Ground One is not cognizable,

9 and that Grounds Two(c) and Two (d) are unexhausted.

10   **A. Ground One**

11   Petitioner argues that the state district court failed to grant his pretrial motion to dismiss the

12 charges in counts I, II, III, and IV, because the statute of limitations had expired.  Petitioner alleges

13 that, based on the state court's error in denying the motion, he was forced to plead guilty.  (Petition,

14 at pp. 1-2).

15   A state prisoner is entitled habeas relief only if he is being held in custody in violation of the

16 constitution, laws or treaties of the United States.  28 U.S.C. § 2254(a).  Unless an issue of federal

17 constitutional or statutory law is implicated by the facts presented, the claim is not cognizable under

18 federal habeas corpus.  *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  A state law issue cannot be

19 mutated into one of federal constitutional law merely by invoking the specter of a due process

20 violation.  *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997).

21 Petitioner must demonstrate the existence of federal constitutional law which establishes the right in

22 question.  Federal habeas corpus relief does not lie for errors of state law.  *Lewis v. Jeffers,* 497 U.S.

23 764, 780 (1990); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).  The United States Supreme Court has

24 explicitly held that "it is not the province of a federal habeas court to reexamine state-court

25 determinations on state-law questions."  *Estelle,* 502 U.S. at 67-68.

26

1    In the instant case, petitioner alleges error relating to the Nevada Supreme Court's calculation

2  of Nevada's state statute of limitations.  An alleged violation of a state statute of limitations presents

3  no federal question.  To the extent that Ground One claims error regarding the state statute of

4  limitations, the claim is dismissed as not cognizable.

5    **B.  Grounds Two (c) and Two (d)**

6    A federal court will not grant a state prisoner's petition for habeas relief until the

7  prisoner has exhausted his available state remedies for all claims raised.  *Rose v. Lundy*, 455 U.S.

8  509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state courts a fair opportunity to act on

9  each of his claims before he presents those claims in a federal habeas petition.  *O'Sullivan v.*

10  *Boerckel,* 526 U.S. 838, 844 (1999); *see also Duncan v. Henry,* 513 U.S. 364, 365 (1995).  A claim

11  remains unexhausted until the petitioner has given the highest available state court the opportunity to

12  consider the claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore,*

13  386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey,* 653 F.2d 374, 376 (9th Cir. 1981).

14    A habeas petitioner must "present the state courts with the same claim he urges upon

15  the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal constitutional

16  implications of a claim, not just issues of state law, must have been raised in the state court to

17  achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404

18  U.S. at 276)).  To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is]

19  asserting claims under the United States Constitution" and given the opportunity to correct alleged

20  violations of the prisoner's federal rights.  *Duncan v. Henry,* 513 U.S. 364, 365 (1995); s*ee Hiivala*

21  *v. Wood,* 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b) "provides a

22  simple and clear instruction to potential litigants: before you bring any claims to federal court, be

23  sure that you first have taken each one to state court."  *Jiminez v. Rice,* 276 F.3d 478, 481 (9th Cir.

24  2001) (quoting *Rose v. Lundy,* 455 U.S. 509, 520 (1982)).

25

26
3

1    A claim is not exhausted unless the petitioner has presented to the state court the same

2   operative facts and legal theory upon which his federal habeas claim is based.  *Bland v. California*

3   *Dept. Of Corrections,* 20 F.3d 1469, 1473 (9th Cir. 1994).  The exhaustion requirement is not met

4   when the petitioner presents to the federal court facts or evidence which place the claim in a

5   significantly different posture than it was in the state courts, or where different facts are presented at

6   the federal level to support the same theory.  *See Nevius v. Sumner,* 852 F.2d 463, 470 (9th Cir.

7   1988); *Pappageorge v. Sumner,* 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff,* 582 F.

8   Supp. 455, 458 (D. Nev. 1984).

9    Exhaustion cannot be achieved by a procedurally deficient or improper means.

10  *Castille v. Peoples*, 489 U.S. 346 (1989).  A state may mandate a particular procedure to be used to

11  the exclusion of other avenues for seeking relief, so long as the right of review is not foreclosed or

12  unduly limited.  *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987).  Presenting an issue to the

13  state's highest court by way of a statutorily deviating path will not exhaust state remedies.  *Id; see*

14  *also Lindquist v. Gardner*, 770 F.2d 876, 878 (9th Cir. 1985).

15   In the instant case, petitioner presented claims to the Nevada Supreme Court based on alleged

16  violations of his right to travel and free speech, as he alleges in Grounds Two (c) and Two (d) of the

17  federal petition.  (Exhibit 79 and Docket #6).  The Nevada Supreme Court refused to rule on the

18  merits of these claims.  (Exhibit 90).  The Nevada Supreme Court declined to speculate or consider

19  the claims, because they were not ripe:

20
> Finally, Gonzales-Sandoval [sic] contends that his sentence of lifetime
> supervision unconstitutionally restricts his rights of travel and free
> speech. However, the specific conditions of Gonzales-Sandoval's [sic]
> lifetime supervision will not be determined until after a hearing
> conducted just prior to parole, if indeed he is ever paroled. [Footnote
> 10: <u>Johnson v. State</u>, 123 Nev. ___, ___, 159 P.3d 1096, 1098 (2007).

21

22

23
(Exhibit 90, at pp. 4-5).  The claims alleged in Grounds Two (c) and Two (d) of the federal petition

24  were not ripe when presented to the Nevada Supreme Court.  Because the claims were not ripe, the

25  Nevada Supreme Court refused to consider the claims on the merits.  Nevada law requires a claim to

26

4

be ripe before judicial relief can be granted.  *See e.g., Doe v. Bryan*, 102 Nev. 523, 728 P.2d 43 (1986); *see also Tupper v. Kroc*, 88 Nev. 483, 500 P.2d 571 (1972).  Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation of the claims and exhaustion of state remedies. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Exhaustion cannot be achieved by a procedurally deficient or improper means.  *Id.*  Because petitioner presented the claims in Grounds Two (c) and Two (d) in procedurally defective manner, the claims are not exhausted.  Grounds Two (a) and Two (c) appear to be exhausted.

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition.  *Rose v. Lundy*, 455 U.S. 509, 510 (1982).  A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal.  *Id.*  Because the Court finds that the petition is a "mixed petition," containing both exhausted and unexhausted claims, petitioner has options:

> 1. He may submit a sworn declaration voluntarily abandoning the unexhausted claims in his federal habeas petition, and proceed only on the exhausted claims;
>
> 2. He may return to state court to exhaust his unexhausted claims, in which case his federal habeas petition will be denied without prejudice; or
>
> 3. He may file a motion asking this Court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claims.

*See Rose v. Lundy*, 455 U.S. 509, 510 (1982); *Rhines v. Weber*, 544 U.S. 269 (2005); *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002); *King v. Ryan*, 564 F.3d 1133 (9th Cir. 2009).

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this Court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

**III.     Conclusion**

IT IS THEREFORE ORDERED that respondents' motion to dismiss (Docket #8) is **GRANTED**, as follows:

**(1) Grounds Two (c) and Two (d) are unexhausted.**

**(2) Ground One is DISMISSED WITH PREJUDICE for failure to state a cognizable claim for habeas relief.**

IT IS FURTHER ORDERED that petitioner shall have **thirty (30) days** to either: **(1)** inform this Court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; **OR (2)** inform this Court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claims; **OR (3)** file a motion for a stay and abeyance, asking this Court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claims.  If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

IT IS FURTHER ORDERED that if petitioner elects to abandon his unexhausted grounds, respondents shall have **thirty (30) days** from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief.  Petitioner shall thereafter have **twenty (20) days** following service of respondents' answer in which to file a reply.

IT IS FURTHER ORDERED that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

DATED this 4th day of November, 2009.

_Howard D M̲c̲Killen̲_
UNITED STATES DISTRICT JUDGE